**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-14036-CR-MARTINEZ/MAYNARD**

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**v.**

**GLEN ROGER KROEGER,**

     **Defendant.**

_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** comes before me upon an Order of Reference.  Having conducted a Change of Plea Hearing, I recommend to the District Court as follows:

1.    I convened a hearing to permit the Defendant to change his plea in this criminal case on January 15, 2025.

2.    I advised the Defendant of his right to have the District Judge assigned to this case conduct this proceeding.  I advised that I was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case.  I advised that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing.  I advised the Defendant that he did not have to permit me to conduct this hearing but could request a United States District Judge to conduct the Change of Plea Hearing instead. The Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

3.      I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4.      There is a written Plea Agreement which has been entered into by the parties in this case.  DE 37.  I reviewed the Plea Agreement on the record and had the Defendant acknowledge that he signed the Plea Agreement.  The Defendant pleaded guilty to **Counts 1 through 8** of the Superseding Indictment.  **Counts 1 through 6** charge him with distribution of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  **Count 7** charges him with possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  **Count 8** charges him with conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.

5.      I reviewed with the Defendant the mandatory minimum and maximum penalties applicable to Counts 1 through 8.  The Defendant acknowledged that he understood the maximum penalties that could be imposed in his case.

6.      The Plea Agreement contains provisions regarding the Defendant's agreement to cooperate with the United States.  I reviewed the provisions with the Defendant.  The Defendant acknowledged his understanding that the United States is not required to file any motions based on the Defendant's cooperation and the determination of whether to do so is within the sole and unreviewable discretion of the United States Attorney's Office.  The Defendant also acknowledged his understanding that the District Court is under no obligation to grant any motions filed by the Government in this regard or to reduce the Defendant's sentence because of the Defendant's cooperation.

7.    The parties jointly agree in the Plea Agreement to recommend that the quantity of controlled substance involved in the offense and attributable to the Defendant, for purposes of the Sentencing Guidelines, is at least 500 grams but less than 2 kilograms of cocaine.   I explained to the Defendant that, although the parties may agree to make this recommendation, it is not binding on the probation office or the District Court, and the Defendant may not withdraw his plea based upon the District Court's decision not to accept this or any other sentencing recommendation.

8.    The parties submitted a written Stipulation of Facts and Acknowledgment of Offense Elements in Support of Guilty Plea ("Stipulation"), which was signed by counsel for the Government, counsel for the Defendant, and the Defendant.  DE 38.  The Stipulation was read into the record and has been filed in this case.  The Defendant acknowledged that he signed the Stipulation, understands it, and has had the opportunity to fully discuss it with his attorney.  The Defendant agreed that the Stipulation is true and correct, and accurately sets forth the facts in his case as he understands them to be.  I find that the Stipulation sets forth each of the essential elements of the crimes to which the Defendant is pleading guilty.

9.    Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters his plea of guilty to Counts 1 through 8 freely and voluntarily.  I accept his guilty plea and recommend to the District Court that it adjudicate him guilty of Counts 1 through 8 as charged in the Superseding Indictment.

10.    The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's plea of guilty to Counts 1 through 8 of the Superseding Indictment be accepted; that the Defendant be

adjudicated guilty of the offenses to which he pleads guilty; and that a sentencing hearing be conducted for final disposition of this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida.  Pursuant to Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives the party's right to review, and it bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 21st day of January, 2025.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE